NO. 25-2449

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KURT BENSHOOF; et al.,

*Plaintiff-Appellant,*

v.

CITY OF SHORELINE; et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
Western District of Washington
No. 2:24-cv-00343-TL, The Honorable Tana Lin

## GOVERNMENT DEFENDANTS-APPELLEES' RESPONSE TO APPELLANT URVE MAGGITTI'S MOTION TO REOPEN APPEAL

LEESA MANION (she/her)
King County Prosecuting Attorney

SANTIAGO VIOLA VILLANUEVA, WSBA #54071
Senior Deputy Prosecuting Attorney
Attorney for Government Defendants
701 5th Avenue, Suite 600
Seattle, WA 98104
Phone: (206) 477-1120/Fax: (206) 296-0191
sviolavillanueva@kingcounty.gov

## I.     RELIEF SOUGHT.

The City of Shoreline, King County, Deputies William Akers and Nicholas DeMuse, and Detectives Paul Thompson and Jampa Tseten, and Senior Deputy Prosecuting Attorney Ann Summers (hereinafter Government Defendants), through their attorney of record, requests that the Court deny appellant Urve Maggitti's motion to reopen this appeal (Dkt. 5.1). Appellant Urve Maggiti lacks authority to represent the interests of Appellant Benshoof, failed to comply with General Order 2.4, and failed to show exceptional circumstances, good cause, or that a reinstatement of the appeal would prevent an injustice.

## II.     PROCEDURAL HISTORY RELEVANT TO THE MOTION.

On March 27, 2025, the district court dismissed Appellants' claims against the Government Appellees, which was appealed on April 13, 2025 (Dkt. 1). The notice of appeal was signed by Ms. Maggitti, Mr. Benshoof, and Ms. Gage (*Id.*). The Court issued the schedule notice on April 16, 2025. The Appellants' opening brief was due May 27, 2025 (Dkt. 2). Upon the failure of the Appellants to file the opening brief by the due date, the Court dismissed this appeal on June 20, 2025 (Dkt. 4). The following day, June 21, 2025, Appellant Maggitti filed a motion to reopen the appeal (Dkt. 5.1). Neither Appellant Benshoof nor Appellant Gage signed the motion (*Id*). Each appellant is acting *pro se* in this case.

The appealed dismissed order addressed the issue of Benshoof's representation of co-plaintiffs. The lower court noted that a *pro se* cannot represent

other people (Case 2:24-cv-00343-TL, Dkt. 103 at 10:4-21). In addition, the lower court ruled that Appellant Maggitti's claims were misjoined (*Id*., at 10:22-24; 11:1-24; and 12:1-11). Finally, the lower court admonished Appellant Benshoof for "his lack of candor with the Court regarding the abusive-litigation order" (*Id*. at 13:7-11).

In addition, the litigation in other cases is relevant to the motion before this Court, and the Appellee requests that the Court take judicial notice (Fed. R. Evid. 201).

Appellant Benshoof was declared a vexatious litigant by the Honorable Judge Jamal Whitehead in case 2:23-cv-01392, Dkt. 264. In that case, the honorable Judge Whitehead also warned Appellant Benshoof in the following terms:

> "The Court is concerned that Gage has allowed Benshoof to represent her interests in this action. Benshoof, however, as a non-attorney pro se litigant may not represent other individuals in federal court. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). The Court makes no finding at this time whether Benshoof has engaged in the unauthorized practice of law but warns him that it is unlawful to do so in Washington. *See* RCW 2.48.180."

*See* Case 2:23-cv-01392-JNW Dkt. 245 at 3, footnote #2.

In appeal 25-552 (2:24-cv-01110-JNW), Appellant Urve Maggitti filed pleadings on behalf of Benshoof. *See* Dkt 11 (signature dated April 8, 2025); Dkt. 12 (signature dated June 12, 2025); and Dkt 14.1 (filed by Urve Maggitti and dated June 13, 2025).

Finally, in appeal 25-786, Appellant Urve Maggitti filed an affidavit

requesting judicial notice dated April 8, 2025 (Dkt. 7.1).

### III.    GROUNDS FOR RELIEF SOUGHT

As a preliminary matter, this Court has affirmed that "it is axiomatic that *pro se* litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). Even though a *pro se* pleading must be "liberally construed" *E.g.*, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam)), a court should "not supply essential elements of the claim that were not initially pled." *E.g., Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp*., 409 F.Supp.3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Appellant Maggitti's motion to reopen the appeal should be construed as a motion to reinstate her appeal under General Order 2.4, which states that "[a]ny motion to reinstate an appeal dismissed for want of prosecution shall indicate how the deficiency has been corrected or explain why correction is impossible."

This Court has discretion to reinstate an appeal, but such authority will be exercised in exceptional circumstances. This Court noted:

> Motions for reinstatement of an appeal following dismissal for failure
> to prosecute are directed to the sound discretion of the Court. In exercising

our discretion, we generally consider: (1) the reason for the failure to prosecute; (2) the timeliness of the motion (and an explanation for untimeliness, if appropriate); (3) whether the defect has been cured, *see* Ninth Circuit General Order 2.4 ("Any motion to reinstate an appeal dismissed for want of prosecution shall indicate how the deficiency has been corrected or explain why correction is impossible."); and (4) whether the motion is opposed.

Our authority to recall a mandate and reinstate an appeal stems from our inherent "power to protect the integrity of [our] own processes." *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988). We may exercise that authority "in exceptional circumstances," "for good cause or to prevent injustice." *Id.* (internal citation and quotation marks omitted).

*Meyers v. Birdsong*, 83 F.4th 1157, 1159 (9th Cir. 2023)

Appellant Maggitti's motion has not corrected the deficiency and failed to indicate why such correction would be impossible. On the contrary, the reasoning provided by Appellant Maggitti appears to contradict her own filings in other pending appeals and —perhaps more significantly—shows the improper role of *pro se* Appellant Benshoof on this matter. According to Maggitti, "she lacks CM/ECF access and receives court filings only by physical mail" and she was traveling "to support co-Appellant Benshoof and manage personal matters." (Dkt. 5.1 at 6). These reasons do not demonstrate the impossibility of curing the defect and contradict the Appellant's actions on pending appeals. In appeal 25-552 (2:24-cv-01110-JNW), Appellant Urve Maggitti filed pleadings on behalf of Benshoof. *See* Dkt 11 (signature dated April 8, 2025); Dkt. 12 (signature dated June 12, 2025); Dkt 14.1 (filed by Urve Maggitti and dated June 13, 2025). In appeal 25-786, Appellant Urve Maggitti filed an affidavit requesting judicial notice dated April 8, 2025 (Dkt. 7.1).

Regardless of these improper filings in pending appeals, the fact that Appellant Maggitti was able to file numerous pleadings with this Court shows the lack of candor on her explanation for the failure to file an opening brief.

Appellant Maggitti indicates that the most significant reason for the delay is that she was unable to obtain the input of Benshoof (Dkt. 5.1 at 6). This reason is problematic in different ways. First, Benshoof was warned by Judge Whitehead that he could not, as a non-attorney *pro se* litigant, represent other individuals in federal court. *See* Case 2:23-cv-01392-JNW Dkt. 245 at 3, footnote #2. In addition, in this case, Judge Lin has addressed this issue and noted that "[u]nder Ninth Circuit precedent, a non-attorney can represent herself or himself *pro se* but cannot represent other people." (Case 2:24-cv-00343-TL Dkt 103 at 6). Thus, Maggitti's delay reason is improper.

While Maggitti indicates that Benshoof "remains indispensable to the appeal" (Dkt. 5.1 at 6), this argument appears to ignore the grounds for dismissal in the lower court. Appellant Maggitti's claims were dismissed without prejudice because she was improperly joined to the case, which is a different and district grounds that the lower court provided to dismiss Benshoof's claims. In addition, the lower court also noted that Appellant Maggitti failed to oppose the defendant's motion to dismiss (Case 2:24-cv-00343-TL, Dkt. 103 at 10:19-21).

In summary, Maggitti has not been able to show exceptional circumstances,

good cause, or that a reinstatement of the appeal would prevent an injustice. On the contrary, Appellant Maggitti appears to focus her arguments on Benshoof's situation instead of her own claims, which were dismissed without prejudice for improper joinder and failure to respond to the defendant's motions to dismiss.

Governmental appellees join the co-appellee ("T&C") response and incorporate their arguments hereby, including the arguments addressing why Benshoof failed to timely appeal the district court's March 27, 2025, order dismissing his claims.

## IV.    CONCLUSION.

For those reasons, Appellant Maggitti's motion to reinstate this appeal should be denied.

RESPECTFULLY SUBMITTED this 1st day of July, 2025.

LEESA MANION (she/her)
King County Prosecuting Attorney


By: */s/ Santiago Voila Villanueva*
SANTIAGO VIOLA VILLANUEVA, WSBA #54071
Senior Deputy Prosecuting Attorney
Attorney for Government Defendants
701 5th Avenue, Suite 600
Seattle, WA 98104
Phone: (206) 477-1120/Fax: (206) 296-0191
sviolavillanueva@kingcounty.gov

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send automatic notification to all the registered parties. I also hereby certify that on July 1, 2025, I sent the same via US Postal Service to the following non-ECF registered parties:

Urve Maggitti
244 Blackburn Drive
Berwyn, PA 19312
***Pro Se Appellant***

Briana Gage
2760 W 22nd Street #431
Brooklyn, NY 11224
***Pro Se Appellant***

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 1st day of July, 2025.

_____
RAFAEL A. MUNOZ-CINTRON
Paralegal I – Litigation Section
King County Prosecuting Attorney's Office

## CERTIFICATE OF COMPLAINCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,377 words.

This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32 (a)(5) and 32 (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED, July 1, 2025.

By: */s/ Santiago Voila Villanueva*
SANTIAGO VIOLA VILLANUEVA, WSBA #54071